IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL RISHMAGUE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-CV-2024-N |
| ROBERT S. WINTER, *et al.*, | § § § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Plaintiffs' motion to remand [4] and Plaintiffs' motion to lift the receivership stay [23]. Because the Supreme Court's decision in *Chadbourne & Parke LLP v. Troice*, 134 S.Ct. 1058 (2014), precludes SLUSA as a ground for removal and Defendants have failed to carry their burden in establishing *in rem* as an independent basis for jurisdiction, the Court must remand. However, because the Receivership Order in *SEC v. Stanford International Bank* ("*SEC v. SIB*") enjoins the action, the Court denies Plaintiffs' motion to lift the receivership stay, except to effect proper service upon Defendant Willis Group Holdings. In accordance with this Order, the Court orders (a) the action remanded, and (b) the action stayed until further Order of this Court, subject to limited exception.

### I. ORIGINS OF THE VARIOUS MOTIONS

This dispute arises out of the alleged Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under Stanford's control (collectively "Stanford"). Plaintiffs are former investors in Stanford's enterprise. They brought suit in the 225th

Judicial District Court of Bexar County, Texas on March 9, 2011, against nine entities and individuals, including various third-party insurance brokers, trust companies, and associated individuals allegedly involved with Stanford.  Plaintiffs brought common law and state statutory claims against Defendants.[1]

Defendants Willis of Colorado, Inc., Willis of Texas, Inc., and Bowen Miclette & Britt, Inc., f/k/a Bowen, Miclette, Descant & Britt, Inc. ("BMB") (collectively "Removing Defendants") timely removed under 28 U.S.C. § 1441(a) on April 11, 2011, to the U.S. District Court for the Western District of Texas, alleging removability based on the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and *in rem* jurisdiction deriving from this Court's Receivership Order in a related case.  *See* Am. Order Appointing Receiver, Mar. 12, 2009 [157], *in SEC v. SIB*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009) [hereinafter Receivership Order].[2]  On August 9, 2011, the Judicial Panel on Multidistrict Litigation ("MDL") transferred the action to this Court as part of the pending Stanford MDL. As such, the Court inherited the pending motion to remand, filed on May 11, 2011, alleging the inapplicability of SLUSA and lack of *in rem* jurisdiction.

On March 19, 2012, while this motion was still pending, the Fifth Circuit issued its ruling in *Roland v. Green*, 675 F.3d 503 (5th Cir. 2012).  That case, which was an appeal of

---

[1] Plaintiffs' state claims included: violations of the Texas Insurance Code, violation of the Colorado Consumer Protection Act, negligent misrepresentation, negligent procurement, negligent omission, failure to service policies, and breach of fiduciary duties.

[2] The Court notes that the Receivership Order has since been amended.  *See* Second Am. Order Appointing Receiver, July 19, 2010 [1130], *in SEC v. SIB*.

ORDER – PAGE 2

an order previously issued by this Court, *see* Order, Aug. 31, 2011 [72], *in Roland v. Green*, No. 3:10-CV-0224-N (N.D. Tex. 2011) [hereinafter *Roland* Order], substantially narrowed the potential applicability of SLUSA as a basis for removal. On May 9, 2012, this Court requested supplemental briefing from the parties on the impact of the Fifth Circuit's *Roland* decision. On May 23, 2012, Plaintiffs filed supplemental briefing arguing the *Roland* decision precluded SLUSA as a basis for removal. Defendants submitted supplemental briefing requesting that the motion be held in abeyance pending Supreme Court review of the *Roland* decision, and reasserted *in rem* arguments. On February 16, 2014, the Supreme Court decided *Chadbourne & Parke LLP v. Troice*, upholding the Fifth Circuit's *Roland* decision.

## II. THE CASE IS REMANDED TO STATE COURT

### A. The Supreme Court's Decision in Chadbourne & Parke LLP v. Troice *Precludes Federal Jurisdiction Under SLUSA in this Case*

In *Chadbourne & Parke LLP v. Troice*, the Supreme Court affirmed that the SLUSA "in connection with" requirement, *see* 15 U.S.C. § 77(p)b, requires that the alleged fraud or misrepresentation be material to the purchase of a covered security. 134 S. Ct. at 1066. That decision overturned this Court's *Roland* Order, which had interpreted the "in connection with" requirement more broadly. Because "the allegations that formed the basis for applying SLUSA to the *Roland* case are so similar to the allegations made in [this] petition," Defs.' Resp. Mot. Remand 13, the Supreme Court's *Troice* decision controls here, precluding application of SLUSA to this case. Because Plaintiffs' claims of fraud are no more than

tangentially related to the sale of covered securities, SLUSA is inapplicable and the case is not removable on that basis.

### B. The Action is Not Removable as an In Rem Proceeding.

The Supreme Court has held that district courts are to strictly construe removal statutes in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). "Any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The burden of establishing a proper basis for removal lies on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

The appointment of a receiver in federal court vests the receiver with jurisdiction and control over certain property connected to the receivership estate. 28 U.S.C § 754. Once properly appointed, the receiver is "vested with complete jurisdiction and control of all [receivership] property with the right to take possession thereof." *Id.* Thus, to the extent that the receiver is properly appointed, Section 754 provides for federal jurisdiction over claims implicating receivership assets that would otherwise be proper only in state court. *See Pope v. Louisville, N.A. & C. Ry. Co.*, 173 U.S. 573, 577 (1899) (holding that federal courts may exercise jurisdiction over claims ancillary to those in which a receiver is appointed).

Defendants would read the receivership statute to provide for this Court's original jurisdiction over any claim against assets allegedly connected to the Receivership Estate. Defendants argue that the claims in this case implicate entities and/or assets of the Receivership Estate, over which this Court has exclusive jurisdiction. Resp. to Pls.' Mot.

Remand 16. As such, Defendants argue that the "well-pleaded complaint" in this case inherently implicates a federal issue – the disposition of receivership assets – and is therefore removable. *Id.*

Defendants' arguments are based on a broader interpretation of the federal receivership statute than can be sustained. First, while Defendants are correct that Section 754 literally grants the receiver exclusive jurisdiction over receivership property, there is nothing in Section 754 to suggest that it grants the appointing court exclusive jurisdiction over any *claim* connected to that property. The nature of *in rem* jurisdiction arising out of a receivership proceeding grants the receiver and appointing court jurisdiction over property where they would not otherwise have it. *See SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ("*In rem* jurisdiction is the court's power over property.") But this Court can find no authority, and Defendants cite none, suggesting that *in rem* jurisdiction is also a valid substitute for subject matter jurisdiction in cases not involving the receiver.[3]

---

[3]Defendants argue in a footnote that this Court also has ancillary jurisdiction over Plaintiffs' claims. Def.'s Resp. Mot. Rem. 16 n.14. It is unclear whether Defendants assert ancillary jurisdiction as a separate argument in support of removal or as an argument subordinate to the *in rem* argument. To the extent ancillary jurisdiction is asserted as an independent argument, it is enough to say that "the appointment of the receiver does not necessarily grant the federal court the exclusive right to determine all questions or rights of action affecting the debtor's estate." *Riehle v. Margolies*, 279 U.S. 218, 223 (1929). To the extent courts have considered ancillary jurisdiction in receivership proceedings, they have done so primarily where the receiver himself is directly involved in the allegedly ancillary claim. *See, e.g., White v. Ewing*, 159 U.S. 36, 39 (1895) (". . . and any suit *by or against such receiver*, in the course of the winding up of such corporation . . . must be regarded as ancillary to the main suit[.]") (emphasis added).

ORDER – PAGE 5

Although Section 754 does not give this Court subject matter jurisdiction over all claims related to the Receivership Estate, this Court is not without recourse to protect receivership assets at stake in state litigation. To the extent that Section 754 gives this Court exclusive jurisdiction and control over receivership assets, that control is more appropriately exercised here through maintenance of the receivership stay than through asserting exclusive subject matter jurisdiction over claims involving receivership assets. Because Defendants fail to carry their burden in establishing this Court's original jurisdiction over this action, the Court remands the action to state court.

### III. THE CASE IS STAYED UPON REMAND

#### *A. The Action Is Enjoined Under the Receivership Order*

A receivership court "has power to issue orders barring actions which would interfere with its administration of [the receivership] estate." *SEC v. Wencke* (*Wencke I*), 622 F.2d 1363, 1370 (9th Cir. 1980); *see also* Order, Mar. 8, 2010 [1030], *in SEC v. SIB* [hereinafter Mar. 8 Order] (describing Court's authority). To that end, "a district court has broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions." *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 340 (5th Cir. 2011) (per curiam) (unpub.) (citing *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985); *Wencke I*, 622 F.2d at 1372).

The Court's Second Amended Receivership Order in the main SEC action enjoins all persons from "the commencement or continuation . . . of any judicial . . . proceeding against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer, or

employee related to the Receivership Estate, arising from the subject matter of [that] civil action." Second Am. Order Appointing Receiver 9; *see also* Order, Jan. 24, 2012 [81] *in Rupert v. Winter*, No. 3:10-CV-00799-N (N.D. Tex. 2012) [hereinafter Jan. 24 Order] (clarifying that the Receivership Order enjoins litigation against former Stanford employees "arising from the subject matter of th[e SEC] action"). It also enjoins all persons from "[a]ny act to obtain possession of the Receivership Estate assets . . . [or a]ny act to collect, assess, or recover a claim . . . that would attach to or encumber the Receivership Estate." *Id.*

Plaintiffs continue to maintain claims implicating the Receivership Estate. Robert S. Winter, former director of Stanford International Bank, remains a defendant in this lawsuit. *See* Pls.' Rep. Mot. Lift Stay 3. Thus, the explicit terms of the Receivership Order enjoined Plaintiffs from commencing this suit and still enjoin them from continuing it. *See* Second Am. Order Appointing Receiver 9 (enjoining any person from commencing or continuing suit against any "agent, officer, or employee" of a Stanford entity).

Additionally, as this Court held in its Jan. 24 Order maintaining the stay in the similarly situated *Rupert* case, to the extent Defendants in this case are ever held liable, any proceeds of the claim are potential receivership assets, falling squarely within the bounds of the Receivership Order. The Court reiterates its refusal to allow Stanford investors to race for Receivership assets. As such, by its explicit terms, the Receivership Order enjoined Plaintiffs from commencing this suit and still enjoins them from continuing it. *See* Second Am. Order Appointing Receiver 9 (enjoining all persons from "[a]ny act to obtain possession

of the Receivership Estate assets . . . [or a]ny act to collect, assess, or recover a claim . . . that would attach to or encumber the Receivership Estate.").

### B. The Litigation Stay Remains Appropriate At This Time

The Court declines to lift the litigation stay at this time. In determining whether to lift a litigation stay in a receivership action, courts have considered three factors: "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x at 341 (quoting *SEC v. Wencke* (*Wencke II*), 742 F.2d 1230, 1231 (9th Cir. 1984)). The issue in the *Wencke* test is "one of timing, that is, when during the course of a receivership a stay should be lifted and claims allowed to proceed, not whether the stay should be lifted at all." *Wencke II*, 742 F.2d at 1231 (emphasis omitted).

As this Court ordered in *Rupert*, the balance of *Wencke* factors continues to weigh against lifting the litigation stay at this time. The first factor, the balance of interests, weighs against lifting the stay because individual suits against agents, officers, or employees of Stanford and/or third parties associated with Stanford could still endanger the receivership status quo, diminishing the total pool of funds available for distribution to creditors.[4] The second factor, timing, continues to weigh against lifting the stay because the receivership is

---

[4]Because this case is substantially similar to *Rupert*, many of the same considerations apply. *See* Jan. 24 Order 16 n.16 (discussing the ways in which receivership assets may be threatened by this litigation).

still relatively young in time and in knowledge.[5]  Finally, the third factor, the merits of Plaintiffs' claims, continues to be neutral because it is still unclear what Defendants knew of Stanford's alleged fraud.[6]  *Cf.* Jan. 24 Order 15-16 (weighing the *Wencke* factors in favor of continuing the litigation stay).

Plaintiffs' arguments that the Court has lifted the stay in similar cases fail as those cases are distinguishable.  The Plaintiffs are correct that the Court lifted the stay in two cases involving similar claims.  *See* Order, July 23, 2012 [27], *in Ranni v. Willis of Colorado*, No. 3:09-CV-02042-N (N.D. Tex. 2012); Order, July 23, 2012 [14], *in Casanova v. Willis of Colorado*, No. 3:10-CV-01862-N (N.D. Tex. 2012).  Yet, as Defendants correctly point out, Defs.' Opp. Mot. Lift Stay 8, those cases remained before this Court.  Where, as here, a suit related to the receivership is remanded to state court, it is all the more important to protect receivership assets through the litigation stay.

Accordingly, the case is stayed upon remand.[7]

---

[5]*See* Mar. 8 Order 7 (collecting cases where stays were upheld several years into the receivership); *see also* Receiver's Third Interim Report Re Status of Receivership, Asset Recovery & Ongoing Activities 2 [1469], *in SEC v. SIB* (describing how Receiver's analysis continues to be impeded by lack of access to records related to Ponzi scheme because of information held abroad).

[6]*See* TEX. SEC. ACT § 33(A)(2) (providing that a person is not liable if he can show that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission); *see also* Jan. 24 Order 16 (similarly finding factor three neutral and upholding the stay).

[7]Plaintiffs' Mar. 14, 2014, motion for status conference and ruling on the motion to remand is denied as moot.

### *C. Plaintiffs May Effect Service on the Willis Group.*

Although the litigation stay will remain in effect upon remand, the Court grants the Plaintiffs' limited request to lift the stay for the sole purpose of effecting proper service on Willis Group Holdings, Ltd., in this action. Plaintiffs allege that their claims against Willis Group Holdings are jeopardized by the Willis Group's objection to Plaintiffs' initial service of notice. Pls.' Mot. Lift Stay 9. Defendants do not contest the propriety of effecting service, but instead contend it would be a "pointless exercise." Defs.' Opp. Mot. Lift Stay 10 n.4. Defendants' objections go to the merits of the case and have no bearing on the propriety of lifting the stay to effect proper service of notice. Accordingly, Plaintiffs are granted limited relief from the stay to effect proper service. The litigation stay is to remain in effect in all other regards upon remand.

### CONCLUSION

The Court denies Plaintiffs' request for a hearing and for ruling on the motion to remand as moot. The Court remands the action to state court and lifts the stay so that Plaintiffs may effect service on Defendant Willis Group Holdings, Ltd. The action is to remain stayed in all other regards until further Order of this Court.

Signed September 9, 2014.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 10